Clayton L. Everett | State Bar No. 24065212
Norred Law, PLLC | 515 E. Border St. | Arlington, Texas 76010
Telephone: (817) 704-3984 | clayton@norredlaw.com
Counsel for Plaintiff

# United States Bankruptcy Court
## Northern District of Texas
## Fort Worth Division

| | |
|---|---|
| In re: Charles Phillip Miller Jr. and Mergie Taroy Miller | Case No. 25-42286-mxm7 |
| Debtors | Chapter 7 |
| MERGIE TAROY MILLER, | |
| Plaintiff, | Adversary No. _____ |
| v. | |
| UNITED STATES DEPARTMENT OF EDUCATION, HIGHER EDUCATION SERVICING CORPORATION, and ASPIRE RESOURCES INC., | |
| Defendants. | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF
STUDENT LOAN DEBT UNDER 11 U.S.C. § 523(a)(8)**

Plaintiff Mergie Taroy Miller ("<u>Plaintiff</u>" or "<u>Debtor</u>") brings this adversary proceeding to discharge federal student loan obligations on the basis that repayment would impose an undue hardship, as contemplated by 11 U.S.C. § 523(a)(8).

**I. JURISDICTION AND VENUE**

1. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). Venue is proper in this district pursuant to 28 U.S.C. § 1409.

2. Plaintiff was a debtor in a Chapter 7 case pending before this Court.

## II. PARTIES

3. Plaintiff is an individual debtor residing in Lipan, Texas.

4. Defendant, the Department of Education is an agency of the United States that holds or guarantees Plaintiff's federal student loans. The Department of Education can be served at U.S. Department of Education, Office of the General Counsel, 400 Maryland Ave SW, Washington, DC 20202. Service upon the United States Department of Education shall also be made by serving the United States Attorney for the Northern District of Texas and the Attorney General of the United States pursuant to Fed. R. Bankr. P. 7004(b)(4) and (5).

5. Defendant Higher Education Servicing Corporation is a loan servicer and may be served at its legal address, 4381 W. Green Oaks Blvd., Suite 200, Arlington, Texas 76016, and through its registered agent, Phillip B. Wambsganss.

6. Defendant Aspire Resources, Inc. is a third-party loan servicer and may be served at its legal address. Aspire can be served at Aspire Resources Inc., 6805 Vista Drive West Des Moines, IA 50266-9307, and through their registered agent at CSC – Lawyers Incorporating Service, 211 E. 7th Street, Suite 620, Austin, TX 78701.

## III. BACKGROUND FACTS

7. Plaintiff filed Chapter 7 bankruptcy on June 24, 2025, in the Northern District of Texas in Case No. 25-42286-mxm7.

8. Debtor Mergie Taroy Miller received a Chapter 7 discharge on October 1, 2025.

9. Plaintiff seeks discharge of federal student loan debt totaling approximately $25,424.43, which is held or serviced by Higher Education Servicing Corporation on behalf of the Department of Education.

10. Plaintiff's personal monthly income was $0 at the time of filing and remains unchanged today. Plaintiff's household income is derived solely from her spouse and is fully consumed by ordinary and necessary household and medical expenses.

11. Plaintiff's family incurs monthly living expenses exceeding $8,000, resulting in a continuing monthly deficit and rendering her unable to meet her student loan obligations while maintaining a minimal standard of living.

12. The loans are currently in deferment as a result of Plaintiff's longstanding financial hardship.

13. Given Plaintiff's permanent medical limitations and lack of any realistic earning capacity, participation in an income-driven repayment plan would not provide meaningful relief and would merely extend the hardship indefinitely.

## IV. EDUCATIONAL AND EMPLOYMENT HISTORY

14. Plaintiff attended Weatherford Community College and Tarleton State University from 2005 to 2007, completing approximately 48 credits toward a Bachelor of Science in Nursing, but was unable to complete her degree due to her illness.

15. Plaintiff has never been, and is not, capable of employment as a registered nurse, clinical nurse specialist, or nurse educator, the professions most directly aligned with her academic background.

## V. UNDUE HARDSHIP ANALYSIS

### A. Inability to Maintain a Minimal Standard of Living

16. Plaintiff has no current employment, no personal income, and no assets of value.

17. Plaintiff receives no government assistance and does not receive, and is not otherwise entitled to, financial support from any source other than her husband.

18. Plaintiff and her family have incurred significant out-of-pocket medical expenses, including emergency room bills and ongoing treatment costs for her chronic lung disease, further limiting any ability to allocate funds toward student loan repayment.

### B. Persistent Circumstances

19. Plaintiff has been diagnosed with bronchiectasis, a chronic lung disease that substantially and permanently limits her ability to engage in sustained employment.

20. Plaintiff's condition necessitates multiple daily respiratory treatments and may occasionally require short-term absences due to lung infections, which would require reasonable accommodations from any prospective employer.

21. Since at least July 2025, Plaintiff's condition has worsened significantly, resulting in flare-ups, hospitalizations, and a change in diagnosis, and she can no longer perform physical work without serious risk to her health, nor can she reliably maintain a work schedule even with reasonable accommodation.

### C. Good Faith Effort to Repay

22. Plaintiff has made good-faith efforts to repay her student loans over a period of more than twenty years. She has paid a total of approximately $14,523.95 toward her original loan balance of $26,250.

23. Despite making substantial payments, the loan has been transferred multiple times between servicers, and substantial fees and accrued interest have caused the balance to remain largely unchanged.

24. Plaintiff's inability to continue making payments is not due to neglect or refusal, but rather due to documented, permanent medical disability and overwhelming medical expenses.

## VI. CAUSE OF ACTION – DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(8)

25.    Plaintiff reasserts and incorporates the preceding paragraphs.

26.    Requiring Plaintiff to repay her student loans would impose an undue hardship on her and would defeat the fresh start purpose of the Bankruptcy Code.

27.    The student loan debts owed to Defendants should be declared dischargeable under § 523(a)(8).

WHEREFORE, Plaintiff Mergie Taroy Miller respectfully requests that this Court:

A. Enter a judgment declaring that the student loans owed to Defendants are dischargeable under 11 U.S.C. § 523(a)(8); and

B. Grant such other relief as this Court deems just and proper.

Respectfully submitted:

By: __/s/ Clayton L. Everett____
Clayton L. Everett
State Bar No. 24065212
clayton@norredlaw.com
NORRED LAW, PLLC
515 E. Border St.
Arlington, Texas 76010
Telephone: (817) 704-3984
Counsel for Plaintiff